WWR# 06403910

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY (NEWARK)

| | | |
|---|---|---|
| IN RE: | ) | BANKRUPTCY NO. 07-27044-MS |
| | ) | |
| SYUNG YEOL PARK | ) | |
| JONG YEA PARK, | ) | |
| Debtors, | ) | |
| | ) | |
| NATIONAL CITY BANK, | ) | ADVERSARY NO. |
| Plaintiffs, | ) | CHAPTER NO. 7 |
| | ) | |
| vs. | ) | |
| | ) | Hearing Date & Time |
| SYUNG YEOL PARK | ) | |
| JONG YEA PARK, | ) | |
| Defendants, | ) | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT DUE**

Now comes, National City Bank, by and through its counsel, Karina Velter, Weltman, Weinberg & Reis, Co., L.P.A. and states the following:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. Section 1334 and 11 U.S.C. Section 523(a)(2)(A), 523(a)(2)(B), and 727(a)(2) (A)-(c)(1).

2. This matter is a core proceeding pursuant to 23 U.S.C. Section 157(b)(2)(1).

3. Venue of this action is proper and in accordance with 28 U.S.C. Section 1409(a).

**FACTUAL ALLEGATIONS**

4. All statements made in paragraphs 1 through 3 are hereby re-alleged by this reference.

5. That on November 19, 2007 the Defendants, Syung Yeol Park and Jong Yea Park, filed for relief under Chapter 7 of Title 11 of the Bankruptcy Code.

6. That on August 14, 2006, the Defendants herein did execute and deliver to the Plaintiff a certain Equity Reserve Agreement in the amount of $254,446.85. A copy of the Equity Reserve Agreement is attached hereto as Exhibit "A" and incorporated herein by reference.

7. That to secure payment of said Equity Reserve Agreement referenced in Paragraph Six (6) hereof, the Defendants executed and delivered to Plaintiff a certain Mortgage dated August 14, 2006, on the real property located at 20 Dorotockeys Lane, Old Tappan, New Jersey 07675; said Mortgage being filed for record with the Recorder of Deeds of Bergen County, New Jersey on September 6, 2006. A copy of the Mortgage is attached hereto as Exhibit "B" and incorporated herein by reference.

8. That there remains due and owing on the Equity Reserve Agreement referenced in Paragraph Six (6) hereof, the sum of $331,459.33.

9. That the Defendants are presently in default of their obligation to Plaintiff and there are arrearages of approximately $40,031.34 as of the date of the filing of this Motion representing the December 2007 through April 2008 payments of $3,150.00 each.

10. That In order to induce National City Bank to enter into the Equity Reserve Agreement and accept the Mortgage, the Defendants provided Plaintiff a Uniform Residential Loan Application.

11. That the Defendants represented, in the application, that their gross monthly income at the time was $17,240.00.

12. That the Defendants represented, in the application, that they were employed at Sky Textiles, Inc. as the owner.

13. That when the Defendants applied for the loan with National City Bank, they supplied a letter dated August 4, 2006 from their accountant, Kil S. Jung, CPA stating the Debtor, Jong Yea Park was self-employed at Sky Textiles, Inc. since 2001.

14. That at the time the Defendants made the statements in the application, the Defendants represented that such statements were true and correct.

15. That Plaintiff relied on the Defendants' representations in the application in order to enter into the equity agreement and to advance funds to the Defendants.

16. That upon information and belief, some or all of the information the Defendants provided to Plaintiff in the Application was false.

17. That upon information and belief, at the time the Defendants executed the Equity Reserve Agreement, the Defendants did not have the intent to repay the funds advanced by Plaintiff under the Agreement.

18. That stated in the Debtor's Schedule I, the Debtor, Syung Yeol Park, represents his current monthly income as $5,000.00 from operation of his business, Sky Textiles, Inc.

19. That stated in the Debtor's Schedule I, the Debtor, Jong Yea Park, represents her current monthly income as $1,200.00 and states she is employed part time at Confidential Care.

20. That in the Defendants' Statement of Financial Affairs, the Defendants' income for the year 2006 is listed as $56,102.00.

21. That in the Defendants' Statement of Financial Affairs, the Defendants' income for the year 2005 is listed as $23,000.00.

22. That the Defendants are currently indebted to Plaintiff in the approximate amount of $331,459.33.

## COUNT I PURSUANT TO 11 U.S.C. §523(a)(2)(A)

23. All statements made in paragraphs one through twenty-two are hereby realleged by this reference.

24. The representations made by the Defendants on the Uniform Residential Loan Application and the information supplied by the Defendants when applying for the loan with Plaintiff, were false when made.

25. The Defendants knew that the representations made to the Plaintiff in the application, were false when made.

26. The Defendants made the representations to National City Bank with the intent of misleading the Plaintiff into relying on the representations.

27. Plaintiff would not have extended the loan to the Defendants but for such false representations made by the Defendants at the time of the loan application.

28. As a direct and proximate result of Defendants' representations, Plaintiff has sustained actual damages including but not limited to the damages set forth in paragraph 22.

29. Plaintiff's reliance on the representations of the Defendants were reasonable.

30. Defendants' conduct constitutes fraud pursuant to 11 U.S.C. §523(a)(2)(A).

## COUNT II PURSUANT TO 11 U.S.C. §523(a)(2)(B)

31. All statements made in paragraphs one through thirty are hereby realleged by this reference.

32. Defendants obtained property and incurred debt and liability to the Plaintiff by use of a statement in writing, including, but not limited to the Application.

33. That the representations in the application were materially false, regarding the Defendants' financial condition.

34. The Plaintiff reasonably relied on the representations made by the Defendants in the Application.

35. Defandants' debts and liabilities to the Plaintiff are nondischargeable pursuant to 11 U.S.C. §523(a)(2)(B).

## COUNT III FOR MONEY JUDGMENT

36. All statements made in paragraphs one through thirty-five are hereby realleged by this reference.

37. By reason of the foregoing, Plaintiff has been damaged in the amount of $331,459.33 plus fees and costs.

WHEREFORE, Plaintiff, National City Bank, prays your honorable Court enter an order determining that said debt be non-dischargeable under 11 U.S.C. §523(a)(2)(A) and/or (a)(2)(B) and that Plaintiff is granted money judgment against the Defendants in the amount of $331,459.33 with interest at the statutory rate of 6.0% per annum from the date of judgment plus fees and the costs of this suit and expenses herein, and any other relief this Court deems proper.

WELTMAN, WEINBERG & REIS CO., L.P.A.

/s/ Karina Velter, Esquire
Karina Velter, Esquire NJ ID No. 03 44 82005
/s/ V. Kelly Mulholland, Esquire
V. Kelly Mulholland, Esquire NJ ID.No.1717-1993
325 Chestnut Street, Suite 501
Philadelphia, PA 19106
(215) 599-1500 (215) 599-1505
kvelter@weltman.com
vmulholland@weltman.com